# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2012

No. 11-50598
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DANIEL RODRIGUEZ, also known as Daniel Rodriguez, also known as
Danny Espinoza,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-484-1

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Daniel Rodriguez appeals following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 46 months of imprisonment and three years of supervised release. He contends that the 46-month sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the sentence was within the properly calculated guidelines range of 46 to 57 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court had before it both mitigating and aggravating factors and determined that a sentence at the bottom of the guidelines range was appropriate, especially in light of Rodriguez's criminal record. Rodriguez has not shown that the district court's balancing of these factors "represents a clear error of judgment." *Id.*; *see also Rita v. United States*, 551 U.S. 338, 359-60 (2007). He has thus failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See Campos-Maldonado*, 531 F.3d at 338.

Rodriguez raises one additional argument, which he acknowledges is foreclosed by our precedent, to preserve for further review. He argues that the presumption of reasonableness should not be applied to his sentence because U.S.S.G. § 2L1.2, the illegal reentry Guideline, lacks an empirical basis. We have consistently rejected Rodriguez's argument, concluding that *Kimbrough v. United States*, 552 U.S. 85 (2007), does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.